UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICK LEE SKAUGE,

        Plaintiff,

v.                                                                            Case No. 19-cv-1165-pp

MARTIN O'MALLEY,
Commissioner of Social Security

        Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B) AND FOR ENTRY OF JUDGMENT AFFIRMING COMMISSIONER'S FULLY FAVORABLE FINAL ADMINISTRATIVE DECISION (DKT. NO. 44)**

On July 26, 2021, this court remanded the plaintiffs case for further administrative proceedings under sentence six of 42 U.S.C. §405(g). Dkt. No. 40. Because the court ordered a remand under sentence six, it retained jurisdiction and did not issue a final judgment. <u>Id.</u> The agency subsequently remanded the matter to the administrative law judge and, on remand, the ALJ issued a fully favorable decision. Dkt. No. 42-1. On December 19, 2023, the defendant Commissioner of Social Security filed an unopposed motion to dismiss the plaintiff's case with prejudice and issue a final judgment. Dkt. No. 42. The court granted the Commissioner's unopposed motion and entered judgment dismissing the case with prejudice. Dkt. No. 43.

On January 18, 2024, the Commissioner filed an unopposed motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and for entry

1

of judgment affirming the fully favorable final administrative decision. Dkt. No. 44. The Commissioner explains that asking the court to dismiss the plaintiff's case with prejudice and issue a final judgment was erroneous, and that "the parties instead should have asked this court to issue an order affirming the Commissioner's fully favorable decision." Id. at ¶7. He explains that an order affirming the Commissioner's fully favorable decision "acknowledge[s] that Plaintiff, not the Commissioner, is the prevailing party in this action, and issuing judgment in Plaintiff's favor would allow for Plaintiff's attorney to seek fees pursuant to the Equal Access to Justice Act." Id. The motion explains that because his "unopposed motion [instead] mistakenly sought dismissal," the plaintiff's right to attorney's fees was cut off. Id.

Where the plaintiff prevails on a Social Security appeal to the district court, the district court should not enter judgment dismissing the case, but should specify the relief to which the plaintiff is entitled. Rush Univ. Med. Ctr. v. Leavitt, 535 F.3d 735, 737 (7th Cir. 2008) ("Unless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled."). In this circumstance, the judgment should reflect that the case is "terminated," not "dismissed."

The court **GRANTS** the Commissioner's unopposed motion for relief from judgment under Fed. R. Civ. P. 60(b). Dkt. No. 44.

The court **ORDERS** that the judgment entered on December 20, 2023 is **VACATED**. Dkt. No. 43.

The court **ORDERS** that the Commissioner's fully favorable decision is **AFFIRMED**. Dkt. No. 42-1. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

3

Case 2:19-cv-01165-PP   Filed 01/31/24   Page 3 of 3   Document 48